<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY MANNING,<br><br>          Petitioner,<br><br>    v.<br><br>ROY L. HENDRICKS, et al.,<br><br>          Respondents. | Civil No. 04-3728 (DMC)<br><br><u>O P I N I O N</u> |

**APPEARANCES:**

    JEFFREY MANNING, #350253B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner <u>pro se</u>

    GARY A. THOMAS, Special Deputy Attorney General
    ACTING ESSEX COUNTY PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey  07102
    Attorneys for Respondents

<u>CAVANAUGH</u>, District Judge

    Jeffrey Manning filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey.  Respondents filed an Answer, arguing that the Petition should be dismissed on the merits.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on December 6, 1996, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of aggravated manslaughter in connection with the death of John Cherry, attempted murder of Gary Riley, two counts of first degree robbery, and related weapons offenses. The Law Division granted the State's motion to sentence Petitioner to a mandatory extended term as a second offender under the Graves Act, and sentenced him to a term of life imprisonment, with a 25-year period of parole ineligibility, for aggravated manslaughter, and a consecutive 20-year sentence, with 10 years of parole ineligibility, for attempted murder. Petitioner appealed. In an opinion filed December 7, 1998, the Appellate Division of the Superior Court of New Jersey affirmed. State v. Manning, Nos. A-4409-96T4, A-4411-96T4 (App. Div. Dec. 7, 1998). On February 17, 1999, the Supreme Court of New Jersey denied certification. State v. Manning, 158 N.J. 73 (1999) (table).

On June 16, 1999, Petitioner filed his first State petition for post conviction relief in the Law Division. On February 29, 2000, the Law Division denied relief. Petitioner appealed, and in an opinion filed March 27, 2001, the Appellate Division affirmed the order denying post conviction relief. State v. Manning, No. A-3769-99T4 (App. Div. Mar. 27, 2001). The Supreme Court of New Jersey denied certification on July 6, 2001. State v. Manning, 169 N.J. 608 (2001) (table).

Petitioner filed his second State petition for post conviction relief on August 31, 2001. The Law Division denied relief on August 8, 2002, and the Appellate Division affirmed in an opinion filed December 23, 2003. State v. Manning, No. A-969-02T2. The Supreme Court of

New Jersey denied certification on April 26, 2004. State v. Manning, 180 N.J. 152 (2004) (table).

Petitioner executed the Petition which is now before the Court on August 5, 2004. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition presents five grounds, which are set forth below verbatim:

> Ground One: THE COURT ERRED IN PROVIDING THE JURY WITH A CONFUSING AND CONTRADICTORY INSTRUCTION THAT IMPROPERLY DILUTED THE STATE'S BURDEN OF PROOF AS TO ALL OF THE UNDERLYING CHARGES, AND THEREBY VIOLATED PETITIONER'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE FEDERAL CONSTITUTION.
>
> Ground Two: SINCE THE STATE DID NOT PRODUCE EVIDENCE SUFFICIENT TO WARRANT A CONVICTION ON THE MURDER CHARGE, THE COURT ERRED IN FAILING TO DISMISS THAT CHARGE AT THE CLOSE OF THE STATE'S CASE, AND THEREBY VIOLATED PETITIONER'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE FEDERAL CONSTITUTION.
>
> Ground Three: THE COURT'S FAILURE TO INSTRUCT THE JURY THAT DEFENDANT'S ALIBI WITNESSES HAD NO DUTY TO SPEAK TO THE AUTHORITIES PRIOR TO TRIAL WAS ERROR, AND THAT SUCH VIOLATED PETITIONER'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE FEDERAL CONSTITUTION.
>
> Ground Four: THE PROSECUTOR COMMITTED MISCONDUCT BY COMMENTING ADVERSELY IN SUMMATION ON THE DEFENSE'S FAILURE TO CALL COLLATERAL WITNESSES, AND THE COURT COMPOUNDED THE ERROR BY FAILING TO PROVIDE A

CURATIVE INSTRUCTION THEREBY VIOLATING PETITIONER'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE FEDERAL CONSTITUTION.

Ground Five: DEFENSE COUNSEL'S NUMEROUS TRIAL ERRORS DEPRIVED DEFENDANT OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

(Pet. ¶¶ 12.A. - 12.E.)

The State filed an Answer seeking dismissal of the Petition on the merits.

## II. STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Where a federal claim was "adjudicated on the merits"[1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

---

[1] A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

## III. DISCUSSION

A. Instructions

Grounds One and Three challenge the constitutionality of the jury instructions. In Ground Three, Petitioner asserts that the failure to instruct the jury that alibi witnesses have no duty to speak to the police allowed the prosecutor to imply in summation that the pretrial silence of his alibi witnesses was indicative of Petitioner's guilt. Petitioner argues that this violated his constitutional rights under State v. Silva, 131 N.J. 438 (1993). The government argues that Ground Three involves state law and, to the extent that it raises a constitutional claim, Petitioner has not shown that the failure to instruct was contrary to or an unreasonable application of Supreme Court precedent.

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). As the Third Circuit explained,

> It thus follows that for the error of state law in the justification instructions, assuming that there was an error, to be meaningful in this federal habeas corpus action, there would have to be a body of federal law justifying the use of deadly force which is applicable in a state criminal action charging an offense based on the defendant's use of that force. Then the error in the jury instructions would be significant if the instructions did not satisfy that body of law. Put in a different way, the jury instructions on justification, even if correct under state law, would need to have relieved the state of the necessity of proving an element of the offense as required by federal law or to have deprived the petitioner of a defense the state had to afford him under federal law in order to be significant in a federal habeas corpus action. If we concluded that a petitioner

6

> could obtain habeas corpus relief without making such a showing, then district courts in habeas corpus cases would sit as super state supreme courts for the purpose of determining whether jury instructions were correct understate law with respect to the elements of an offense and defenses to it.

Johnson, 117 F.3d at 110.

The problem with Petitioner's claim involving the failure to instruct is that he does not point to a federal requirement that jury instructions must include this particular provision, nor does he show that the absence of this instruction deprived him of a defense which federal law provided to him. Johnson at 111. Moreover, Petitioner relies not on Supreme Court precedent but a ruling of the New Jersey Supreme Court. Under these circumstances, Petitioner has not shown that the failure to instruct was contrary to or involved an unreasonable application of the Constitution, as determined by the Supreme Court of the United States. He is not entitled to habeas relief on Ground Three.

In Ground One, Petitioner contends that the following section of the instructions unconstitutionally diluted the reasonable doubt standard by injecting a preponderance-of-the-evidence standard into the charge:

> You may find a fact exists and you may draw an inference from the fact whenever it's more probable than not that the fact or inference is true. The existence of each fact and the truth of each inference need not be established beyond a reasonable doubt in order for you to find the fact or draw the inference, but to convict you must be satisfied that each element of the offense charged has been proved beyond a reasonable doubt. For example, you do not have to believe everything a witness says beyond a reasonable doubt to use such parts of the witness testimony as you find to be credible, worthy of belief. But finally you may not convict unless the State has proved each and every element of the crime charged and that the defendant did it beyond a reasonable doubt.

(Pet. ¶ 12.A. Supporting Facts at 6.)

In 1970, the Supreme Court held "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [one] is charged." In re Winship, 397 U.S. 358, 364 (1970). Winship's rationale requires that the jury be instructed on the necessity of proof beyond a reasonable doubt. Cool v. United States, 409 U.S. 100, 104 (1972). A jury instruction that "reduce[s] the level of proof necessary for the Government to carry its burden . . . is plainly inconsistent with the constitutionally rooted presumption of innocence." Id. "[T]rial courts must avoid defining reasonable doubt so as to lead the jury to convict on a lesser showing than due process requires." Victor v. Nebraska, 511 U.S. 1, 22 (1994); see also Cage v. Louisiana, 498 U.S. 39, 41 (1990) (per curiam). As the Supreme Court explained in Victor,

> so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.

Victor, 511 U.S. at 6 (citations and internal quotation marks omitted); see also Cupp v. Naughten, 414 U.S. 141, 146-47 (1973) ("[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge").

The proper inquiry is not whether the instruction "'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it." Victor, 511 U.S. at 6 (quoting Estelle v. McGuire, 502 U.S. 62, 72 and n.4 (1991)). The constitutional question is "whether there is a reasonable likelihood that the jury understood the

8

instructions to allow conviction based on proof insufficient to meet the Winship standard."

Victor, 511 U.S. at 6.

In this case, Petitioner presented Ground One to the Appellate Division on direct review. The Appellate Division rejected the claim as without merit as follows:

> We have reviewed the judge's instructions as a whole . . . and conclude that the judge fully instructed the jury on the State's burden to prove each element of each charged offense beyond a reasonable doubt. We do not consider the judge's instructions concerning inferences which are permitted from facts in evidence as confusing or as diluting the State's ultimate burden of proof. In fact, the judge's instruction was correct. Moreover, the judge's instructions did not have the clear capacity to lead the jury to a result it otherwise might not have reached. See R. 2:10-2; State v. Macon, 57 N.J. 325, 336 (1971). Additionally, defendant's counsel's failure to object to that portion of the charge permits the inference that defendant's counsel did not consider the error to be significant in the context of the trial.

State v. Manning, Nos. A-4409-96T4, 4411-96T4 slip op. at 9 (App. Div. Dec. 7, 1998).

The Appellate Division, reading the challenged preponderance of the evidence instruction in context, essentially found, as the Supreme Court put it in Holland v. United States, 348 U.S. 121, 140 (1954), that "the instruction as given was not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some." Id. Thus, the Appellate Division's adjudication of the claim was not an unreasonable application of clearly established constitutional law, as determined by the Supreme Court. Petitioner is therefore not entitled to habeas relief on Ground One.

B.  First Degree Murder

Petitioner asserts in Ground Two that, because there was insufficient evidence to support a guilty verdict for knowing or purposeful murder, the submission of the murder charge to the

jury violated due process, even though the jury acquitted Petitioner of first degree murder and convicted him of the lesser included offense of aggravated manslaughter. Petitioner argues that the submission of the murder charge to the jury made it more likely that the jury would convict Petitioner of the lesser included charge than it otherwise would have. Without citing Supreme Court or any precedent, Petitioner argues that, "even if a defendant is ultimately acquitted of the charge that is unsupported by the evidence, in may instances there may be reversible error because of the danger that the deliberation on the inappropriate charge led the jury to compromise." (Pet. ¶ 12.B., Supporting Facts at 11.)

Petitioner presented this claim on direct appeal. The Appellate Division disposed of it as follows:

> Defendant contends that the judge erred in failing to sua sponte dismiss count one of the indictment charging murder. It is clear from the record that the judge properly permitted the jury to consider the charge of murder predicated upon the concept of transferred intent, as defined by N.J.S.A. 2C:2-3d . . . .
>
> We find defendant's contention is wholly without merit . . . . Although there was evidence from which the jury might conclude, as they apparently did by their ultimate verdict, that defendant's intent in shooting his weapon was to generally discourage crowd pursuit from the scene, there was testimony offered by Riley, consistent with the version Riley gave to the police, from which the jury could infer that defendant intended to cause death or serious bodily injury to Riley's brother or his friend. Additionally, the jury was entitled to conclude that one of the two bullets fired by defendant in the direction of Riley's brother and his friend struck Cherry resulting in his death. We additionally note that the judge's charge on the doctrine of transferred intent was specifically approved by defendant's counsel. We thus conclude that the judge's charge did not constitute plain error.

State v. Manning, supra at 10-11.

Petitioner cites no Supreme Court precedent in support of his claim. This Court finds that the Appellate Division's adjudication of this claim was not contrary to or an unreasonable application of Supreme Court precedent, and that Petitioner is not entitled to habeas relief on Ground Three.

C.  Prosecutorial Misconduct

In Ground Four, Petitioner contends that the prosecutor's comment during summation regarding the absence of corroborating alibi witnesses violated his Fifth, Sixth and Fourteenth Amendment rights. Petitioner asserts that the following comment, without a curative instruction, violated his constitutional rights by "suggest[ing] that a jury should draw a negative inference if the opposing party fails to produce a witness whose testimony would be cumulative, unimportant or inferior to what had already been utilized." (Pet. at 17.) In summation, the prosecutor stated:

> Now, I asked [Christina Jackson] what about all these other people, where were they and remember they were home, they were home, they are home. These other third parties who supposedly can corroborate this where are they? They are home. Get a subpoena, bring them into court to testify. No, no. They are home.

State v. Manning, supra at 11-12.

On direct appeal, the Appellate Division rejected this claim:

> Here, the State did not specifically ask the jury to draw an adverse inference from the defendant's failure to produce a witness, nor did the prosecutor specifically ask the judge to instruct the jury as to adverse inferences . . . . Additionally, the prosecutor's comments did not specifically suggest that the jury draw an adverse inference. As we view the prosecutor's summation, his statement was a response to direct testimony elicited from defendant's witnesses. In light of the prosecutor's considerable leeway in summations . . . the comment did not violate defendant's right to a fair trial.

State v. Manning, supra at 12-13 (citations and internal quotation marks omitted).

11

Prosecutorial misconduct may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Where "specific guarantees of the Bill of Rights are involved, [the Supreme] Court has taken special care to assure that prosecutorial misconduct in no way impermissibly infringes them." Id. at 642. The quantum or weight of the evidence is crucial to determining whether the prosecutor's statements before the jury were so prejudicial as to result in a denial of due process. Darden v. Wainwright, 477 U.S. 168, 182 (1986); Donnelly, 416 U.S. at 644; Moore v. Morton, 355 F.3d 95, 111 (3d Cir. 2001).

This Court concludes that the adjudication of Ground Four by the New Jersey courts did not result in a decision that was contrary to or involved an unreasonable application of Supreme Court precedent. Petitioner is therefore not entitled to habeas relief on Ground Four.

D.  Ineffective Assistance of Counsel

In Ground Five, Petitioner argues that trial counsel was constitutionally ineffective in failing to object to the jury instruction on burden of proof, failing to move for dismissal of the first degree murder charge, failing to seek the alibi witness instruction, and failing to object to the prosecutor's improper comments in summation or to request a curative instruction. (Pet. ¶ 12.E., Supporting Facts at 19-20.) The Appellate Division rejected these claims on direct review because the alleged failures were not deficient. "Had defendant's counsel raised an objection to either the judge's charge or the prosecutor's comment, or had defense counsel moved to dismiss the murder count, his objection or motion would have been properly rejected." State v. Manning, supra at 14.

Petitioner's attorney cannot have been constitutionally ineffective for failing to request instructions or present objections that the court would have properly rejected. See Carpenter v. Vaughn, 296 F.3d 138, 153 (3d Cir. 2002) (because the availability and adequacy of the jury instructions were questions of state law, Petitioner's "attorney cannot have been ineffective for failing to request an instruction that was unavailable"). The Appellate Division's adjudication of Petitioner's ineffective assistance claims was not contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), and its progeny.

E. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: ____Dec 12____, 2005

13